Robinson, J.
The original action was brought by Catherine Lind, administratrix of the estate of John Lind, deceased, against The Baltimore & Ohio Southwestern Railroad Company and The Cleveland, Cincinnati, Chicago & St. Louis Railway Company.
The action was to recover damages for the death of John Lind, which occurred November 24, 1918. Lind and the defendants were, at the time, engaged in interstate commerce.
The petition alleges that “On the 24th day of November, 1918, the plaintiff’s decedent was in the employ of the defendant, the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, to perform certain duties in and about the Central Union Depot in Cincinnati, Ohio, in the preparation of trains and cars for departure.” That the “defendant, The Baltimore & Ohio Southwestern Railroad Company also uses the said depot and by an agreement or arrangement between the two defendant companies it was the duty of the plaintiff’s decedent to prepare and make ready the trains of the defendant, The Baltimore & Ohio Southwestern Railroad Company for departure.”
By order of the court the director general of railroads was substituted for each defendant, and he *16 thereafter filed separate answers in behalf of each road. Judgment was finally entered against the director general with respect to both roads.
The amended answer of the director general of railroads, operating the Cleveland, Cincinnati, Chicago & St. Louis railway admits “that on the 24th day of November, 1918, plaintiff’s decedent was in the employ of the Director General of Railroads operating the Cleveland, Cincinnati, Chicago & St. Louis railroad.”
The answer of the director general of railroads operating the Baltimore & Ohio Southwestern railroad admits that the decedent was in the employ of the director general of railroads operating the railroad of The Cleveland, Cincinnati, Chicago & St. Louis Railway Company.
The evidence disclosed that the car inspectors at this depot were employed by the Cleveland, Cincinnati, Chicago & St. Louis railway and that during federal control, as a matter of economy, they were ordered by the director general of railroads to inspect all trains to whomsoever they belonged, and that the Cleveland, Cincinnati, Chicago & St. Lords railway collected from the other companies for the service rendered.
The evidence failed to disclose the commission of any act of negligence or the omission of any duty on the part of the director general operating the Cleveland, Cincinnati, Chicago & St. Louis railway, the only evidence touching the director general in his operation of that railway being the evidence of the employment by him, as such director general of that railroad, of the deceased.
*17 At the close of the plaintiff’s case separate motions were made by the director general operating The Cleveland, Cincinnati, Chicago & St. Lonis Railway Company and the director general operating The Baltimore & Ohio Southwestern Railroad Company, for a directed verdict, each of which was overruled by the trial court upon the theory that when the government took over the operation of the railroad systems of the country each particular system lost its entity and all became merged into one system, and that therefore the negligence of any of the component parts of the system became the negligence of the whole system.
The trial court in this respect was in error. The government took over the control, but did not take over the ownership. The different systems were placed under one head, but were not consolidated. The director general in the operation of the Baltimore & Ohio Southwestern railroad was a separate entity from the director general in the operation of the Cleveland, Cincinnati, Chicago & St. Louis railway, and the negligence of the director general in the operation of the Baltimore & Ohio Southwestern railroad was no more attributable to the director general in the operation of the Cleveland, Cincinnati, Chicago & St. Louis railway than it would have been either before or subsequent to federal control. The motion, therefore, to direct a verdict in favor of the director general for the Cleveland, Cincinnati, Chicago & St. Louis railway should have been sustained.
In the case of Missouri Pacific Rd. Co. v. Ault, 256 U. S., 554, 560, the supreme court of the United States held: ‘ ‘ The President took over the physical properties, the transportation systems, and placed them under a single directing head; but he took them *18 over as entities and they were always dealt with as snch (Bnll. No. 4, p. 113). Each system was required •to file its own tariffs. General Order No. 7, Bull, 4, p. 151. Each was required to take an inventory of its materials and supplies. General Order No. 10, Id., p. 170. Each federal treasurer was to deal with the finances of a single system; his bank account was to be designated ‘(Name of Railroad), Federal Account.’ General Order No. 37, Id., p. 313. Each of 165 systems was named individually in the order promulgating the wage awards of the Railroad Wage Commission. General Order No. 72, Id., pp. 198, 200. And throughout the orders and circulars there are many such expressions as ‘two or more railroads or boat lines under federal control.’ See General Order No. 11, Id., p. 170. It is this conception of a transportation system as an entity which dominates section 10 of the act. The systems are regarded much as ships are regarded in admiralty. They are dealt with as active responsible parties answerable for their own wrongs.”
The answer of the director general operating The Baltimore & Ohio Southwestern Railroad Company avers “that the accident to and death of John Lind was due wholly to his own negligence, in this, to-wit: That the said John Lind, knowing that a certain train on the line of road of the Baltimore & Ohio Southwestern Railroad Company was about to be backed into the Central Union Depot to be attached to certain cars standing on a track thereof, and having himself made preparations therefor by having theretofore removed and disconnected the steam hose whereby steam was supplied to said cars for the heating thereof from the steam heating plant of the Central Union Depot, did carelessly and negligently, and without looking out for his own safety, *19 undertake to cross a certain track of the said Central Union Depot between the bumping post at the end thereof and the cars, which as aforesaid were to his knowledge about to be moved, standing upon said track and near said bumping post, and that as a result thereof he was caught between said cars and received injuries resulting in his death.”
There was a scintilla of proof tending to show negligence of the director general operating the Baltimore & Ohio Southwestern railroad, and proof tending to show negligence of the deceased, each directly contributing to the injury. This directly raised the question of contributory negligence. Glass v. William Heffron Co., 86 Ohio St., 70; Behm v. Cincinnati, D. & T. Traction Co., 86 Ohio St., 209, and Raymond Coal Co. v. McFadden, Admr., 90 Ohio St., 183.
In the case now under consideration the court in the general charge, said: “If the plaintiff’s decedent was guilty of contributory negligence, as I have defined the term; that is, if plaintiff’s decedent was guilty of negligence and the defendant was guilty of negligence, and the negligence of both, concurring and co-operating, was the proximate cause of decedent’s injury and death, then plaintiff is still entitled to recover in this case, because, under the Federal Employers’ Liability Act, contributory negligence does not bar a recovery, but plaintiff would not be entitled to recover full compensation.
‘ ‘ The effect of contributory negligence of the decedent is to diminish the damages so that plaintiff will not be entitled to recover full damages, but only a proportional part, bearing the same relation to the full amount of damages as the negligence of defendant bears to the entire negligence of both.”
*20 By the averments of the amended petition and the admissions of the answer of the director general operating The Baltimore & Ohio Southwestern Railroad Company, and the amended answer of the director general operating The Cleveland, Cincinnati, Chicago & St. Louis Railway Company, there was no issue upon the subject of who was the employer of the decedent, the pleadings establishing the fact that the director general operting The Cleveland, Cincinnati, Chicago & St. Louis Railway Company was the employer and that the director general operating The Baltimore & Ohio Southwestern Railroad Company was not the employer. That being so, the Federal Employers’ Liability Act, permitting recovery under the proportionate-negligence rule, had no application, and it was error to charge the jury that contributory negligence was not a bar to recovery but operated only to diminish the damages.
For these reasons the judgment of the court of appeals and the judgment of the common pleas will be reversed, and this court rendering the judgment in Cause No. 17230, which the court below ought to have rendered, renders final judgment therein against the defendant in error, and Cause No. 17229 is remanded to the court of common pleas for further proceedings according to law.

Judgment reversed and final judgment for plaintiff in error in \Cause No. 17230.

Judgment reversed and cause remanded in Cause No. 17229.

Marshall, C. J., Johnson, Jones and Matthias, JJ., concur.